IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KENT A. TACKETT, ) <br> ) <br> Respondent, ) <br> ) | Civil No. 1:08-CV-01441-LJO-GSA <br><br> ORDER TO SHOW <br> CAUSE RE: ENFORCEMENT OF <br> INTERNAL REVENUE SERVICE <br> SUMMONS |

Upon the petition of the United States of America and the Declaration of Revenue Officer Jane Canaday, including the exhibits attached thereto, it is hereby

**ORDERED** that the Respondent, Kent A. Tackett, shall appear before United States Magistrate Judge Gary S. Austin, in Courtroom 10 in the United States District Courthouse in Fresno, California on the 5th day of December, 2008, at 9:30 a.m., to show cause why he should not be compelled to obey the Internal Revenue Service administrative summons served upon him.

It is further **ORDERED** that:

1. A copy of this Order, together with the petition, memorandum of points and authorities and Declaration of Revenue Officer Jane Canaday and its exhibits, shall be served upon the respondent in accordance with FED. R. CIV. P. 4 within twenty-one (21)

days of the date that this Order is served upon counsel for the United States or as soon thereafter as possible.

2. Pursuant to FED. R. CIV. P. 4.1, the Court hereby appoints the group manager of Revenue Officer Jane Canaday, and all federal employees designated by that group manager, to serve process in this case.

3. Proof of any service done pursuant to paragraph 2, above, shall be filed with the Clerk of this Court as soon as practicable. If the federal employee assigned to serve these documents is unable to serve them as provided in paragraph 1, despite making reasonable efforts to do so, the documents may be served by any other means of service permitted by Fed. R. Civ. P. 4(e) or Petitioner may request a court order granting leave to serve by other means. See Fed. R. Civ. P. 81(a)(5). The federal employee assigned to serve the documents shall make a certificate detailing the efforts made within the 21-day period to serve the respondent as provided in paragraph 1.

4. Since the file in this case reflects a *prima facie* showing that the investigation is being conducted for a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner on the Internal Revenue Service's possession, and that the administrative steps required by the Internal Revenue Code have been followed, as required under United States v. Powell, 379 U.S. 48, 57-58 (1964), the burden of coming forward has shifted to respondent Kent A. Tackett to oppose enforcement of the summons.

5. If respondent Kent A. Tackett has any defense to present or opposition to the petition, such defense or opposition shall be made in writing and filed with the Clerk of this Court and copies served on counsel for the United States in Washington D.C., at least fourteen (14) days prior to the date set for the show cause hearing.  The United States may file a reply memorandum to any opposition at least five (5) court days prior to the date set for the show cause hearing.

6. At the show cause hearing, the Court will consider all issues raised by the respondent and brought into controversy by responsive pleadings filed herein and supported by affidavit.  Any uncontested allegations in the petition will be considered admitted.

7. Respondent Kent A. Tackett may notify the Court, in a writing filed with the Clerk of this Court and served on counsel for the United States in Washington, D.C., at least fourteen (14) days prior to the date set for the show cause hearing, that the respondent has no objection to enforcement of the summons.  The respondent's appearance at the hearing will then be excused.

///

///

///

8.  Respondent Kent A. Tackett is hereby notified that a failure to comply with this Order may subject him to sanctions for contempt of court.

IT IS SO ORDERED.

Dated:   **October 8, 2008**          /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE