# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | 1:08-cv-01441 LJO GSA |
| ) | |
| ) | FINDINGS AND RECOMMENDATIONS |
| Petitioner,     ) | REGARDING PETITION TO ENFORCE |
| ) | INTERNAL REVENUE SERVICE SUMMONS |
| v.     ) | (Document 1) |
| ) | |
| KENT A. TACKETT,     ) | |
| ) | |
| ) | |
| Respondent.     ) | |
| _____) | |

## INTRODUCTION

On September 25, 2008, the United States of America (hereinafter "Petitioner") filed a petition to enforce an Internal Revenue Service ("IRS") summons issued to Kent A. Tackett ("Respondent"). On September 30, 2008, Petitioner filed a memorandum of points and authorities and a proposed order to show cause.

On October 9, 2008, this Court issued an Order to Show Cause ("OSC") directing Respondent to appear on December 5, 2008, to show cause why he should not be compelled to obey the IRS summons. The OSC also ordered Respondent to present any defense or opposition in writing at least fourteen (14) days prior to the date set for the show cause hearing. Respondent was served personally with the OSC on October 17, 2008, and any defense or opposition was due on or before November 21, 2008. Respondent did not file a written response.

1    On December 5, 2008, the OSC came on for hearing before the Honorable Gary S.

2    Austin, United States Magistrate Judge.  Assistant United States Attorney Aaron M. Bailey

3    appeared on behalf of Petitioner.  Respondent did not appear.

4    FACTUAL BACKGROUND

5    Revenue Officer Jane Canaday is assigned to collect tax liabilities owed by Respondent

6    Tackett for tax periods ending September 30, 2000, December 31, 2000, March 31, 2001, June

7    30, 2001, December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002, December

8    31, 2002, March 31, 2003, June 30, 2003 and September 30, 2003.

9    On February 21, 2008, Revenue Officer Canaday issued an IRS summons directing

10   Respondent to testify and to provide documents as demanded in the summons on March 21,

11   2008, at 10:00 a.m.  Declaration of Revenue Officer Jane Canaday (hereinafter "Canaday Decl."),

12   at ¶ 3.  The summons seeks, among other records, documents and records regarding assets,

13   liabilities or accounts in the taxpayer's name or for the taxpayer's benefit or in which the

14   taxpayer has a security interest from the period between January 1, 2007 to February 20, 2008.

15   Exhibit A to Canaday Decl., IRS Summons (Document 1-3).  Revenue Officer Canaday

16   personally served Respondent with the summons on February 26, 2008.  Canaday Decl., at ¶ 4.

17   Respondent did not appear on March 21, 2008.  Canaday Decl., at ¶ 6.  Respondent was granted

18   an extension to April 25, 2008.  On April 25, 2008, Respondent appeared for the rescheduled

19   appointment, but did not provide the requested documents.  Respondent agreed to provide the

20   documents by May 31, 2008.  Canaday, Decl., at ¶ 6.  Respondent has not provided the requested

21   documents.  Canaday Decl, at ¶ 7.

22   On September 25, 2008, Petitioner filed its papers to enforce the IRS summons.  Revenue

23   Officer Canaday's supporting declaration indicates:

24   1.   The IRS does not possess the summoned information.

25   2.   "All administrative steps required by the Internal Revenue Code for issuance and

26        service of the summons have been taken."

27   3.   There is no criminal referral to the Department of Justice in effect with respect to

28        Mr. Tackett.

2

1    4.    During the tax periods at issue, Mr. Tackett was the owner and operator of a

2          battery sales and installation business.  Trust fund recovery penalties have been

3          assessed against Mr. Tackett for those tax periods for which employment taxes

4          were not fully paid. The investigation is for the purposes of assisting in the

5          collection of the taxpayer's liabilities for assessed trust fund recovery penalties,

6          and the summoned records, documents and testimony may be relevant.

7    Canaday  Decl., at ¶¶ 8-12.

8                                          DISCUSSION

9                                    **Summons Enforcement**

10         Petitioner seeks to enforce the IRS summons issued to Mr. Tackett.  The IRS has broad

11   investigatory powers under the Internal Revenue Code ("Code").  *See* 26 U.S.C. §§ 7601-7613.

12   Under section 7602(a) of the Code, the IRS is empowered to issue a summons to compel

13   examination of "books, papers, records or other data which may be relevant or material" to an

14   inquiry for the purpose of "ascertaining the correctness of any return, making a return where none

15   has been made" and "determining" and "collecting" tax liability.  The relevance requirement

16   under section 7602 is whether the requested material "might have thrown light upon the

17   correctness of the return."  *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-815 & n. 11,

18   104 S.Ct. 1495, 1501 & n. 11 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77

19   F.3d 1166, 1168-1169 (9th Cir. 1996).  The IRS may issue a summons to investigate "merely on

20   suspicion that the law is being violated, or even because it wants assurance that it is not."  *United*

21   *States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting *United States v. Morton Salt Co.*,

22   338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

23         Under section 7608(a) and (b), IRS agents and revenue officers are authorized to "serve

24   subpoenas and summonses issued under authority of the United States."  The summons power

25   must be construed broadly since it is "critical to the investigative and enforcement functions of

26   the IRS."  *Arthur Young & Co.*, 465 U.S. at 814, 104 S.Ct. at 1501.

27

28

Section 7604(a) grants this Court jurisdiction to enforce an IRS summons.  To enforce an IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code.  *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

In *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit Court of Appeals explained:

> To establish a need for judicial enforcement, this showing need only be minimal. This is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.  *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.  *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1345 (9th Cir. 1983); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

Revenue Officer Canaday's declaration satisfies the *Powell* requirements to establish a *prima facie* case that she issued the summons in good faith.  Revenue Officer Canaday explained that she is conducting an investigation to assist in the collection of the taxpayer's liabilities for assessed trust fund recovery penalties, and she believes the summoned documents and testimony may be relevant to the collection of the taxpayer's liabilities.  Canaday Decl., at ¶¶ 2, 8, 9.

Revenue Officer Canaday also confirmed that she complied with IRS administrative steps.  Canaday Decl., at ¶ 11.  She personally served the summons on Respondent, which is an appropriate method of service pursuant to section 7603, subsection (a).  Canaday Decl., at ¶ 4.  In addition, she declared that the IRS lacks possession of the documents sought by the summons and that there has been no referral for criminal prosecution.  Canaday Decl., at ¶¶ 10, 12.

1   Petitioner has established that he summons was issued for a legitimate purpose and seeks
2   information relevant to that purpose that is not already within the IRS's possession.  Further, all
3   of the administrative steps required by the Internal Revenue Code have been satisfied.  A *prima*
4   *facie* case has been made.

5   Once the IRS has established its good faith, the district court issues an order requiring the
6   taxpayer to show cause, at an enforcement hearing, why the summons should not be enforced.
7   *Gilleran*, 992 F.2d at 233.  An OSC was issued in this case.  At the enforcement hearing, the
8   taxpayer may challenge the summons on any appropriate ground.  *Id.*  The taxpayer may
9   challenge and attempt to rebut the *prima facie* case of good faith Petitioner has established or
10  attempt to show that enforcement of the summons would otherwise constitute an abuse of the
11  court's process.  *Id.* (citing *Donaldson v. United States*, 400 U.S. 517, 524, 91 S.Ct. 534, 539).
12  234).  Here, Respondent did not appear at the OSC hearing and has not submitted any evidence
13  of bad faith or improper purpose to rebut the *prima facie* case.  Accordingly, the Court finds that
14  enforcement of the IRS summons should be ordered.

15  <u>RECOMMENDATIONS</u>

16  Based on the foregoing, the Court RECOMMENDS to:

17  1.      GRANT the petition to enforce the IRS summons filed by Petitioner;

18  2.      ORDER Respondent to appear in obedience to the summons on February 6, 2009,
19          at 10:00 a.m. at the IRS Office located at 4825 Coffee Road, Bakersfield,
20          California.

21  Petitioner also is ORDERED to serve a copy of the findings and recommendations on
22  Respondent and file proof of such service with the Court.

23  These findings and recommendations are submitted to the United States District Judge
24  assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.
25  Within fifteen (15) court days of service of this recommendation, any party may file written
26  objections to these findings and recommendations with the Court and serve a copy on all parties.
27  Such a document should be captioned "Objections to Magistrate Judge's Findings and
28  Recommendations."  The district judge will review the magistrate judge's findings and

5

1    recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to

2    file objections within the specified time may waive the right to appeal the district judge's order.

3    *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

4

5

6

7         IT IS SO ORDERED.

8    **Dated:**    **December 5, 2008**              **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28